John Petrick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Terry T. Ray,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 8, 1983:

John Petrick (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him unemployment benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] for voluntarily leaving work.

The claimant was employed by Ted McWilliams Motor City, Inc. (employer) as an automobile reconditioner. On January 3, 1981 the employer called the claimant to report for work as a result of emergency weather conditions. The claimant refused, stating that the same emergency had rendered him unavailable. On January 5, 1981, when the claimant reported for work he was informed by his employer that he should not refuse additional work unless he had a valid reason. Later on that day, the claimant walked off his job without giving a reason to anyone.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The claimant applied for unemployment benefits, which were denied by the referee under Section 402(b) of the Law, for voluntarily leaving work without cause of a compelling and necessitous nature. The Board affirmed. The claimant appeals to this Court asserting that the Board's decision is unsupported by substantial evidence, and that he had compelling and necessitous reasons for leaving his employment in that he was forced to accept changed conditions in his employment, conditions dangerous to his health, deception as to his job responsibilities, and work not accepted by other employees.

In cases involving a voluntary termination under Section 402(b), a claimant must show that he acted with ordinary common sense in quitting, and that he made a reasonable effort to preserve his employment and had no real choice but to leave. *Cowls v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 150, 427 A.2d 722 (1981). In the instant case, the Board found that the claimant left his job without giving his employer a reason. If the claimant was dissatisfied with his working conditions, it was incumbent upon him to make a reasonable attempt to reconcile this dissatisfaction with his employer. Since he made no such attempt, benefits must be denied. Accordingly, we need not reach the issue as to whether or not the claimant's leave was for compelling and necessitous reasons. We also conclude that upon a review of the record in this case, the Board's findings are supported by substantial evidence.

For the above stated reasons, the order of the Board denying benefits is hereby affirmed.

## ORDER

AND Now, this 8th day of February, 1983, the Unemployment Compensation Board of Review's order, dated April 8, 1981, No. B-194214, denying benefits to John Petrick is hereby affirmed.